**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division**

NEXUS SERVICES, INC.,

   *Plaintiff*,

v.                  Civil Action No. **5:17CV00072**

KIMBERLY SUE VANCE,

   *Defendants*.

## BRIEF IN SUPPORT OF MOTION TO DISMISS COUNT THREE – DEFAMATION - FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER VIRGINIA LAW

COMES NOW your defendant Kimberley Sue Vance ("Vance"), by counsel, and in support of her Motion to Dismiss Count Three says as follows:

In Count Three, corporate plaintiff Nexus Services, Inc. ("Nexus") claims that Vance told employees at Interim Health that she was using their office as a ruse to "look around" Nexus property. In an unnumbered introductory paragraphs to Nexus' attempted defamation count, Nexus incorporates that factual allegations contained in ¶14 and ¶24 of the Complaint that while wearing her police polo and badge, Vance allegedly knew that Nexus tenants would infer from Vance's statement that she was using their location as a ruse to simply "look around", that the tenant would infer that Nexus was involved in criminal activity and that she was "spying". The only statement in quotes attributed with respect to the defamation count to Vance is that she stated she was on Nexus property to "look around". The allegations contained in the Complaint make no allegation, nor could they, that Vance's statements could impute to Nexus the commission of a criminal offense involving moral turpitude, not to mention any crime that Nexus would be indicted and punished for. Additionally, no statement attributed in the Complaint to Vance could reasonably be found to impute to Nexus

1

unfitness; nor does the Complaint plead any prejudice to Nexus in its trade by Vance's alleged statements.

Under Virginia common law, the elements of defamation are:

(1)　　Publication of;

(2)　　An actionable statement with;

(3)　　The requisite intent.

It is not sufficient just that the statement be false. To be actionable, the statement must be both false and defamatory. *Jordan v. Kollman*, 269 Va. 569 (2005). Whether a statement is actionable is a matter of law to be determined by the Court. *Jordan* at 576; *Great Coastal Express v. Ellington*, 230 Va. 142, 148 (1985); *Echtenkamp v. Loudoun County Pub. Sch.*, 263 F.Supp.2d 1043, 1061 (E.D.Va. 2003). See also *Webb v. Virginia Pilot Media Co.*, 287 Va. 84, 90-91 (2014). (Whether a statement is defamatory "is a question of law, not fact".) See also *Schaecher v. Bouffault*, 290 Va. 83 (2015). While a defamatory statement can be made by inference, implication, or insinuation, Virginia law requires that the statement would actually defame the plaintiff. *Pendleton v. Newsome*, 290 Va. 162 (2015). To be defamatory, per se, the statement, which apparently Plaintiff is attempting to allege in this case in Count Three, the statements must:

(1)　　Impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished;

(2)　　Impute that a person is infected with some contagious disease, where if the charge is true, it would exclude the party from society;

(3)　　Impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment; or

2

(4) Prejudice such person in his or her profession or trade. *Tronfeld v. Nationwide Mut. Ins. Co.,* 272 Va. 709, 713 (1981)

As a matter of law, the factual allegations in the Complaint do not state a plausible claim of any actionable statement under Virginia law nor any defamatory statement which imputes to Nexus a criminal offense involving moral turpitude. The alleged entrance onto a property gained through a "ruse" for the purpose of "looking around" while wearing a police uniform, as a matter of law, simply does not impute to Nexus the commission of a crime involving moral turpitude or lack of integrity in the conduct of its business. To find that the facts alleged in Court Three of the Complaint state a cause of action for defamation in Virginia would make actionable any police officer's request for a consent to search of a business' property, even if consent was validly given, no matter whether or not the search produced evidence of any crime.

At best, Plaintiff's Complaint in this case alleges that Vance lied to gain consent to enter Nexus property to "look around" and did nothing more than go to a business **open to the public**, which Nexus permitted her to do, and drive through the parking lot in back of Interim Healthcare.

Vance submits that that allegations contained in Court Three of the Complaint are insufficient as a matter of law to state a claim of defamation under Virginia law.

WHEREFORE, your defendant, Kimberley Sue Vance, by counsel, respectfully requests that the Court grant its Motion to Dismiss Count Three of Plaintiff's Complaint.

KIMBERLEY SUE VANCE
By Counsel

s/Richard H. Milnor
Richard H. Milnor, Esquire (VSB #14177)
Zunka, Milnor & Carter, Ltd.
414 Park Street, P O Box 1567
Charlottesville VA 22902
Telephone: (434) 977-0191
Facsimile: (434) 977-0198
rmilnor@zmc-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th ay of August, 2017, I electronically filed the foregoing Brief in Support of Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jessica Serman Stoltz, Esquire
Nexus Caridades Attorneys, Inc.
113 Mill Place Parkway
Suite 105A
Verona VA 24482
jstoltz@nexuscaridades.com
*Counsel for Nexus*

s/Richard H. Milnor