IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

NEXUS SERVICES, INC.,

    *Plaintiff*,

v.                                          Civil Action No. **5:17CV00072**

KIMBERLY SUE VANCE,

    *Defendants*.

### DEFENDANT VANCE'S CONSOLIDATED REBUTTAL TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT ONE AND MOTION TO DISMISS COUNT THREE

COMES NOW your defendant Kimberley Sue Vance ("Vance"), by counsel, and submits the following consolidated rebuttal in response to Nexus Services, Inc.'s ("Nexus") Response (Doc #16) to her previously filed Motion to Dismiss Count One (Doc #6) and Motion to Dismiss Count Three (Doc #8):

### COUNT ONE

The facts actually pled by Nexus in its Complaint (Doc #1) as to the requirement that in order to proceed, Vance's actions were "under color of state law" in ¶14, ¶24:

> **¶14 Vance entered the campus on behalf of a third party, a former Nexus employee with whom Vance associates;**
>
> **¶24 Vance intended to hide her intent to spy on Nexus property, upon information and belief, on behalf of a friend and for no legitimate purpose.**

are the antithesis of the requirement under 42 U.S.C. §1983 that a Fourth Amendment claim against her requires that the actions be "under color of state law". In its Complaint, Nexus pleads critical facts not pled in *Revene v. Charles County Commissioners,* 882 F.2d 870 (4th Cir. 1989), relied on by Nexus, which necessarily lead to a different result based on the rationale of the Fourth Circuit in *Revene.* In *Revene,* the Fourth Circuit confirmed, with respect to the requirement of actions being

1

"under the color of state law", that "it certainly is true that 'acts of police officers in the ambit of their personal, private pursuits fall outside of 42 U.S.C. §1983'". *Revene* at 872. In *Revene*, the Fourth Circuit cited *Rogers v. Fuller*, 410 F.Supp. 287, 191 (M.D.NC 1976) which noted that, "Acts of police officers in the ambit of their personal, private pursuits fall outside of 42 U.S.C. §1983. *Monroe v. Pape*, 365 U.S. 167, 185 (1961); *Screws v. United States*, 325 U.S. 91, 111 (1945)". *Revene* at 872. This is exactly what Nexus pleads in ¶14 & ¶24 of its Complaint – to wit: that Vance, while a police officer, was acting "in the ambit" of her personal and private pursuits.

In *Revene*, the Fourth Circuit also confirmed that acts, such as being on duty and wearing a uniform, are not alone determinative of whether a police officer is acting "under color of state law". What is controlling is the nature of the act performed. The act must be carefully scrutinized to determine whether the officer, either on or off duty, is acting under color of state law. Nexus pleads the polar opposite of "under color of state law" actions by Vance. Unlike in *Revene*, the Complaint in this case is not "bare bones" as to the critical element of "under color of state law". Here, as opposed to *Revene*, Nexus expressly claims that Vance's actions were personal and private. Moreover, unlike in *Revene*, where other facts, in addition to the conclusory allegation in ¶2 that Vance was acting under color of state law, could be "read with a slightly different cast" *Revene* at 873-874, i.e. that Vance was driving "her car" (¶8), that she had "no search warrant" (¶13 & ¶28), and that she was not authorized by any superior officer to conduct a search (¶28), Nexus' Complaint pleads, as facts, the polar opposite of actions "under color of state law" in ¶14 and ¶24. Vance submits that these allegations, unlike the bare bones allegations in *Revene*, cannot be read as consistent with state action and are only consistent with acts of a police officer in the ambit of their personal and private pursuits which, under *Revene* and *Monroe v. Pape*, are not state action and fall outside of 42 U.S.C. §1983.

2

WHEREFORE, your defendant, Kimberley Sue Vance, by counsel, respectfully moves the Court to dismiss Count One of Plaintiff's Complaint and to decline to exercise its discretion over any supplemental state law claim Plaintiff attempts to allege in Count Two or Count Three.

COUNT THREE

With respect to Count Three and Nexus' attempt to state a supplemental state law claim under Virginia law of defamation, Nexus cites *Pendleton v. Newsome*, 290 Va. 162, 173 (2015) as controlling. While it is true that in *Pendleton*, the Virginia Supreme Court held that a defamatory statement can be inferred, the facts alleged in Nexus' Complaint (Doc #1) pertaining to defamation pale in comparison to the facts alleged in *Pendleton*. In *Pendleton*, the Virginia Supreme Court relied on *Webb v. Virginian-Pilot Media Companies, LLC*, 287 Va. 84, 88, 89 (2004) which held that Virginia recognizes a claim for defamation by inference, implication, or insinuation, but that the trial court has a gatekeeping function to make sure that such defamation actions only proceed upon statements which actually defame a plaintiff. *Pendleton* at 172. *Pendleton* dealt with a statement falsely implying that a mother, a licensed practical nurse, was responsible for her child's death. The Court noted that a statement falsely implying that a mother was responsible for her child's death would be defamatory. *Pendleton* at 172. The facts pled in Nexus' Complaint do not plead, by innuendo or inference, a false defamatory statement which imputes to Nexus a criminal offense **involving moral turpitude**. A two minute claimed "search" by driving through a parking lot obtained by an alleged "ruse" hardly supports an inference of a criminal offense involving moral turpitude.

Moreover, Vance submits that the facts actually pled in Nexus' Complaint as to Count Three are more consistent with *Schaecher v. Bouffault*, 290 Va. 83 (2015) decided the same day as *Pendleton*

3

in which the Virginia Supreme Court upheld the trial court's dismissal of the defamation claim on demurrer. In *Schaecher*, the Court found that statements concerning a plaintiff's potential violation of an easement, covenant restrictions, and a zoning ordinance did not carry the requisite "sting" of a reprehensible crime. In *Schaecher*, the Court held that an actionable statement must be both false and defamatory and that defamatory words are those tending so to harm the reputation of another as to lower him in the estimation of the community or deter third persons from associating or dealing with him. A false statement must have the defamatory "sting" to one's reputation. Accepting Nexus' allegations as true pertaining to a "ruse" to gain permission to drive through a property to "search" does not carry the "sting" of a reprehensible crime involving moral turpitude. The Complaint contains no allegation that Vance's "ruse" caused Nexus' tenant, whose business is open to the public, from continuing to occupy its space and operate its business on Nexus' property. No actionable false statement of Vance is pled, as to her "search" by driving through the property with the only false statement being claimed to a guard as her purpose for being on the property. The factual allegations in the Complaint, even in the light most favorable to Nexus, do not support a defamation claim by innuendo.

WHEREFORE, your defendant, Kimberley Sue Vance, by counsel, respectfully requests that the Court grant her Motion to Dismiss Count Three of Plaintiff's Complaint.

KIMBERLEY SUE VANCE
By Counsel

s/Richard H. Milnor
Richard H. Milnor, Esquire (VSB #14177)
Zunka, Milnor & Carter, Ltd.
414 Park Street, P O Box 1567
Charlottesville VA 22902
Telephone: (434) 977-0191
Facsimile: (434) 977-0198
rmilnor@zmc-law.com

4

Case 5:17-cv-00072-MFU   Document 19   Filed 09/14/17   Page 4 of 5   Pageid#: 69

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2017, I electronically filed the foregoing Consolidated Rebuttal to Plaintiff's Response to Defendant's Motion to Dismiss Count One and Motion to Dismiss Count Three with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Jessica Serman Stoltz, Esquire
    Nexus Caridades Attorneys, Inc.
    113 Mill Place Parkway
    Suite 105A
    Verona VA 24482
    jstoltz@nexuscaridades.com
    *Counsel for Nexus*

                                                s/Richard H. Milnor

5

Case 5:17-cv-00072-MFU   Document 19   Filed 09/14/17   Page 5 of 5   Pageid#: 70